IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JAMES SAMUEL, JR., <br><br> Petitioner, <br><br> v. <br><br> LINDA GETER, <br><br> Respondent. | CIVIL ACTION NO.: 2:20-cv-36 |

## REPORT AND RECOMMENDATION

Petitioner James Samuel ("Samuel") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS** Samuel's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Samuel leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Samuel his suit is due to be dismissed. As indicated below, Samuel will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

After entry of a guilty plea, Samuel was convicted of one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, on June 26, 2016, and was sentenced to 192 months' imprisonment. J., United States v. Samuel, 1:16-cr-20109 (S.D. Fla. June 28, 2016), ECF No. 117. Samuel did not file a direct appeal or a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Samuel did, however, file a motion for sentence reduction based on the First Step Act of 2018 on February 14, 2019, which the District Court for the Southern District of Florida denied. Mot. & Order, United States v. Samuel, 1:16-cr-20109 (S.D. Fla. Feb. 14 and Mar. 5, 2019), ECF Nos. 227, 229.

## DISCUSSION

In his § 2241 Petition, which was filed on April 3, 2020, Samuel states the conspiracy convictions used to enhance his sentence under the career offender provision of the United States Sentencing Guidelines can no longer be used as qualifying offenses under the Guidelines. Doc. 1 at 3. Samuel also contends he is "actually innocent" of his career offender status. Id. According to Samuel, the remedy § 2255 affords is inadequate or ineffective to challenge his conviction or sentence because "[t]his is a new claim" which was unavailable during his "2255 window," and the Ninth Circuit Court of Appeals recently determined this claim is cognizable in a § 2241 proceeding. Id. at 4.

**I.   Whether Samuel Can Proceed Under § 2241**

Samuel's Petition should be dismissed because it is an attack on his federal sentence which can only be made in compliance with § 2255, and Samuel has not satisfied the requirements of § 2255. Samuel's attempt to label his filing as a § 2241 petition does not help. His Petition is a barred and should be dismissed.

2

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless**

3

**it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Samuel does not present any of those circumstances through his instant Petition.[2] Samuel is clearly

---

[2]   Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim new case law exists, new facts have come to light, or the § 2255 court got it wrong. Id. at 1086, 1090.

4

challenging his sentence.  Doc. 1.  This is the type of claim and requested relief § 2255 encompasses.  It is clear Samuel is not attacking the manner in which his sentence is being executed but his sentence itself.  He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Samuel with an adequate procedure to test his claim.

Further, Samuel's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.").  Thus, the fact Samuel faces a statute of limitations or other procedural bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

The Court notes Samuel's contention he is actually innocent of being a career offender because his conspiracy convictions cannot be used as qualifying offenses.  Doc. 1 at 3.  Samuel relies on United States v. Sibert, Case No. 17-6005 (6th Cir. Nov. 15, 2019), ECF No. 82, Wims v. United States, 663 F. App'x 836 (11th Cir. 2016), and Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), in support of this contention, but his reliance on these cases is misplaced.  Doc. 1 at 3, 4.  In Allen, the Ninth Circuit Court of Appeals determined a petitioner could use § 2241 to bring an actual innocence claim and did not have an "unobstructed procedural shot at presenting that claim."[3]  950 F.3d at 1188.  In Sibert, the Sixth Circuit Court of Appeals determined attempt and conspiracy no longer qualify as controlled substance offenses under § 4B1.2 of the United States

---

[3]    An unobstructed procedural shot in the Ninth Circuit is described as "whether the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion" and "whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Allen, 950 F.3d at 1190.  Samuel waived his right to file a direct appeal but not a § 2255 motion, Tr., United States v. Samuel, 1:16-cr-20109 (S.D. Fla. Aug. 10, 2016), ECF No. 149, p. 23, which he did not do.

Sentencing Guidelines based on its decision in United States v. Havis, 927 F.3d 382 (6th Cir. 2019).  Sibert, Case No. 17-6005, ECF No. 82, p. 3.  And in Wims, the Eleventh Circuit Court of Appeals discussed violent felony offenses under the Armed Career Criminal Act, not controlled substance offenses under the career offender provision.  663 F. App'x at 836.  None of these cases offer support for Samuel's position.  The Ninth and Sixth Circuit cases are not controlling in the Eleventh Circuit, and the cited Eleventh Circuit case is inapplicable.  In fact, the Eleventh Circuit has recently discussed whether conspiracy convictions qualify as controlled substance offenses under the Guidelines and did not find these convictions do not qualify.  United States v. Noesi, No. 20-12827, 2021 WL 3754592, at *2 (11th Cir. Aug. 25, 2021) (listing convictions for distribution and conspiracy under §§ 841 and 846 and conspiracy under § 846 and noting qualification as controlled substance offenses under the Guidelines).

Section 2255 provides Samuel an "adequate procedure" to test his sentence before the sentencing court.  Consequently, Samuel cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.  Because Samuel cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments.

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Samuel leave to appeal *in forma pauperis*.  Though Samuel has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Samuel's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Samuel *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Samuel's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Samuel leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

7

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 8th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA